IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-399-JPG-DGW |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORP. | ) | |
| and GENERAL DYNAMICS ORDNANCE | ) | |
| AND TACTICAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

**WILKERSON, Magistrate Judge:**

Currently pending before the Court is the parties' Second Joint Motion for a Protective Order, filed May 18, 2012 (Doc. 44).   The Court, being fully advised and having determined that good cause exists for entry of a protective order, **GRANTS** the motion.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

This Stipulated Protective Order Regarding Confidential Information and Documents ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action ("the Action").

The Court finds that, under applicable Seventh Circuit precedent contained in *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000) and *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), good cause exists for entry of this Protective Order because discovery in this Action will involve the production of documents and information that a Party, or non-Party, has reasonably claimed as trade secrets and/or confidential business information, including trade secrets and/or confidential business information entitled to

protection under the Trade Secrets Act, 18 U.S.C. § 1905 and federal regulations at 40 C.F.R. § 2.310(g)(6).  This includes Confidential Information which has been submitted to the United States Environmental Protection Agency ("EPA"), the United States Department of the Interior ("DOI"), the United States Army Corps of Engineers ("COE"), Schlumberger Technology Corporation ("STC") and General Dynamics Ordnance and Tactical Systems, Inc. ("GD-OTS") by various third party contractors and consultants (listed in Appendix A to this Order (hereinafter "Submitters")) and documents obtained by EPA and DOI through the authority of Section 104(e) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9604(e).

This Order is necessary because EPA may not disclose information subject to federal regulations at 40 C.F.R. § 2.310(g)(6) absent a protective order from this Court.   In addition, this Order is necessary because GD-OTS and STC anticipate that they will produce information that includes confidential trade secret information.  To prevent unauthorized disclosure of such information and to allow discovery to proceed in this case, this Order establishes a procedure for disclosing Confidential Information to the Parties, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.   The Parties intend for such Confidential Information to be disclosed only under the terms of this Protective Order.

By entering this Order the Court does not warrant that any Discovery Material filed in this action or presented at trial or hearing is entitled to protection as Confidential Information.     This Order only establishes: 1) the procedures by which a Party or non-Party may assert that Discovery Material should be designated as Confidential Information solely for purposes of this action, and

2) the procedures for treating such Discovery Material as Confidential Information until such time as this Court determines that the material is not entitled to confidential status.   Nothing in this Order, and no action taken pursuant to it, should be construed as an admission by any Party or non-Party that any Discovery Material exchanged between the Parties is entitled to protection under this Order as Confidential Information.

Further, nothing in this Protective Order alters or affects a Party's obligations or burdens to establish good cause for moving to seal any document contained in public record of this matter.

1.   **Definitions.**   As used in this Protective Order,

a.  the term "Confidential Information" means Discovery Material which has been claimed as confidential commercial information or trade secret information by its author or Submitter or is otherwise entitled to confidential treatment pursuant to 18 U.S.C. § 1905 or 40 C.F.R. Part 2;

b.  the term "Designating Party" means a Party or non-Party that designates Discovery Material as "Confidential Information";

c.  the term "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery).   Discovery Material shall also include any

3

documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request;

d.  the term "Expert and Consultant" means any person who has been retained by a Party or its counsel to serve as an expert who may testify at trial; and any expert or litigation consultant or trial consultant employed to assist a Party in any way in this Action.  The term "Expert" also includes persons, firms or corporations (including their employees) engaged by a Party or a Party's counsel on a contract basis to assist in the preparation and trial of this litigation;

e.  the term "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff);

f.  the term "Producing Party" means a Party or non-Party that produces Discovery Material in this Action;

g.  the term "Receiving Party" means a Party that receives Discovery Material from a Producing Party;

h.  the term "Submitter" means an entity listed in Appendix A to this Protective Order that has submitted Confidential Information to EPA, DOI, COE, GD-OTS, or STC.

2.      **Designation.**   Any Confidential Information to be produced by a Designating Party pursuant to this Protective Order shall be stamped conspicuously with the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Designating Party legibly on each page of each document prior to production to the

4

Receiving Party, except for documents produced in their native electronic format pursuant to the Stipulation Regarding Preservation and Production of Documents and Electronically-Stored Information.   Documents produced in native format shall either 1) be designated as Confidential Information by adding the word "CONFIDENTIAL" to the filename or 2) be segregated from documents not designated as confidential on separate media (e.g. DVD, thumb drive) that is clearly labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."   The transmittal of Confidential Information shall be done by letter from the Designating Party stating that Confidential Information is being produced and is subject to this Protective Order.

3.      **Limited Use.**   Confidential Information shall not be used or disclosed by the Receiving Party or any other person subject to Paragraph 4 below for any purpose other than the preparation for, and trial of, this Action and any appeal therein.

4.      **No Disclosure.**   Each Receiving Party and Receiving Party's counsel who obtains Confidential Information, and any non-Party subject to this Protective Order who obtains Confidential Information in accordance with this Protective Order, shall not disclose or permit disclosure of this Confidential Information to any other person, including without limitation any officer, director, employee, agent, or representative of each Receiving Party, each Receiving Party's counsel, or any non-Party, except in the following circumstances:

a.  Disclosure may be made to Receiving Party's counsel, to an employee of the Receiving Party or of the Receiving Party's counsel, if the employee has need for access to the Confidential Information for this Action.

5

b.  Disclosure may be made to Experts and Consultants, if prior to disclosure, the Expert or Consultant, as applicable, agrees to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto.

c.  Disclosure may be made to contractors engaged for the limited purpose of making copies of documents or organizing or processing documents.

d.  Disclosure may be made to the Court and its employees, including without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order.

e.  Disclosure may be made to witnesses or potential witnesses who have a need for access to the Confidential Information in this Action.

f.  Disclosure may be made to court reporters, videographers, stenographers, or other persons recording or preparing transcripts of testimony, and their staffs.

5.    **Protection of Confidential Information.**    Each Receiving Party, Receiving Party's counsel, and any other person subject to this Protective Order who obtains Confidential Information, shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall share such Confidential Information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the Confidential Information in a secure manner.  Except as provided in

Paragraph 4 above, no other person shall be permitted access to the Confidential Information.

6.      **Copies, Duplicates.**   Any person who obtains access to Confidential Information may make copies, duplicates, extracts, summaries, or descriptions of the Confidential Information or any portion thereof only for the purpose of preparation for litigation in this Action.   All copies, duplicates, extracts, summaries, or descriptions of the Confidential Information or any portion thereof shall be subject to the terms of this Protective Order to the same extent and manner as original documents.

7.      **Testimony.**   A deposition or other testimony that contains reference to Confidential Information may be designated as Confidential Information by so stating orally on the record of the deposition or testimony or by so advising opposing counsel in writing within thirty (30) days after (i) a rough transcript is available or; (ii) if a rough transcript is not provided or available to the Parties, receipt of the final transcript (the "Transcript").   The entire content, transcript and exhibits to each deposition shall be treated as if it had been designated as Confidential Information in accordance with the provisions of this Order until thirty (30) days after all parties have received the Transcript and exhibits, after which only the portions specifically designated as Confidential Information pursuant to the first sentence of this Paragraph shall be so treated.   Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party may exclude from the room during such testimony any person who is not authorized to receive such information under this Protective Order.

8.    **Objections.**  If any Receiving Party objects to the designation of any Discovery Material as Confidential Information, the Receiving Party shall state the objection in writing to counsel for the Designating Party.  The Receiving Party and the Designating Party shall attempt to resolve the dispute among themselves in a timely manner.   In the absence of such resolution, the Receiving Party objecting to the designation of Discovery Material as Confidential Information may seek a Court Order with respect to such challenged Discovery Material.   Once a Designating Party has made such a request, the Discovery Material shall be deemed and treated as Confidential Information under the terms of the Order unless and until (i) the Court rules otherwise, or (ii) the Designating Party agrees in writing to withdraw the confidentiality designation.

9.    **Subsequent Request for Information.**   In the event that a Receiving Party or Receiving Party's counsel or Expert and Consultant that is authorized to have access to Confidential Information is served with a request, subpoena, demand, or other legal process that seeks production of Confidential Information, such person (the "Requested Person") shall, unless otherwise prohibited by law, give written notice to the Designating Party within five (5) days of the receipt of such request, subpoena, demand, or other legal process, furnish the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to any procedure sought to be pursued by the Designating Party.  The Requested Person, unless otherwise required by law, shall not produce the Confidential Information until the earlier of: (i) receipt of prior written consent from the Designating Party; (ii) the return date of the subpoena or other process (in the event the Designating Party does not object to, seek to quash, or seek a protective order

from the subpoena); or (iii) five (5) business days after a decision on any motion to quash or motion for a protective order or such shorter period as the Court may direct.   Unless the Designating Party waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Confidential Information, the Requested Person will inform the non-Party seeking disclosure that the information requested is Confidential Information protected by this Protective Order and that such non-Party will have to seek an appropriate ruling from this Court.   In any action seeking disclosure, the Designating Party shall bear all costs and have the burden of proof to establish that the designated material is in fact Confidential Information and is entitled to confidential treatment pursuant to the terms of this Protective Order.

10.   **Use at Trial or Hearing.**   This Order does not, by itself, authorize the filing of any document under seal.   Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (i) meet its burden to show that good cause exists for filing the particular document under seal; (ii) move to file the document electronically under seal in accordance with the procedures in S.D. Ill. L.R. 5.2(d); and (iii) file electronically at the same time a public-record version of the document with the Confidential Information excluded.   Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.   Nothing in this Order shall limit or affect a Party's obligation to comply with Fed. R. Civ. P. 5.2 and any applicable local court rules governing the filing of documents.   Whenever Confidential Information is to be referred

to or disclosed in a hearing or trial proceeding, any Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive the Confidential Information under this Protective Order.

11.     **Admissibility.**   Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of the Action.

12.     **Use by Designating Party.**   Nothing in this Order shall restrict, or be construed as restricting a Designating Party's use of its own Confidential Information; however, if a Designating Party files Confidential Information with the Court, the Confidential Information must be filed in accordance with the provisions in Paragraph 10 of this Order.   Confidential Information shall lose its confidential designation if the Designating Party fails to comply with these procedures.

13.     **Further Requests.**   Nothing in this Order prohibits or prevents any Party from applying to the Court for a further protective order relating to any Confidential Information or for an Order permitting disclosure of Confidential Information.   The provisions hereof may also be modified on the Court's own motion, by motion by any Party upon notice, or by written agreement between the applicable Parties.

14.     **Disclosure.**   Any accidental, inadvertent or unauthorized disclosure of Confidential Information shall not result in a waiver of any Submitter's or, as applicable, Designating Party's claim of confidentiality or the applicability of any privilege attached thereto.   In the event of such an inadvertent disclosure, the Submitter or the Designating Party may thereafter reasonably assert a claim or designation of confidentiality and

promptly provide replacement media containing Discovery Material properly marked as Confidential Information.  Thereafter, the Receiving Party must immediately return the original Discovery Material and all copies of the same to the Designating Party and make no use of such Discovery Material.

15.     **Amendment.**  If a Party desires to add Submitters to the list in Appendix A, that Party may file written notice with the Court and the other Parties of the identities of such Submitters.  If no Party objects within three days of receipt of such notice, the Submitters will be added to Appendix A.  The listing of an entity or individual as a Submitter in Appendix A does not obligate a Party to search for or collect that Submitter's documents or to produce that Submitter's documents in response to general discovery requests.

16.     **Destruction or Return.**  Within sixty (60) days after termination of this action by judgment, settlement or otherwise, or as may be determined by the court:

a.     All Information designated as confidential hereunder shall be destroyed, including all copies, duplicates, extracts, summaries, or descriptions of the Information or portions thereof, and the party in possession shall certify that it has done so;

b.     All Confidential Information covered by this Protective Order which constitutes the work product of counsel for the Receiving Party shall be destroyed; and,

c.     The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

11

IT IS SO ORDERED.

DATED: May 22, 2012

**DONALD G. WILKERSON**
**United States Magistrate Judge**

## APPENDIX A—LIST OF CONTRACTORS AND CONSULTANTS

For the United States:

W.W. Engineering and Sciences

Donohue & Associates

Roy F. Weston

Lockheed Environmental Systems & Tech. Co.

Ecology and Environment

CH2M Hill

Techlaw, Inc.

Planning Research Corporation

Jacobs Engineering

Resource Applications, Inc.

Metcalf & Eddy

Arctic Slope Regional Corp.

ASRC Management Services, Inc.

Laucks Testing Labs, Inc.

URS

Pangea

Rick Newill

Kate Power

MCG - Geotechnical Engineering Inc.

Hi Shots

Manpower International or Manpower Temporary Services.

13

Peoria Disposal Co.

Katherine Svanda Csr

Southern Reporting

Morales & Associates LLC

Renee's Trucking

E H Inc

Laboratory & Environmental

Texas A&M Foundation

French Studios (aerials)

Tina Yee & Associates PC

Woodward Clyde

Woodward Clyde URS Greiner

Severn Trent

CASU

CNS - Diana Cardon

Jim Lawrence

University of Illinois-Champagne

PH Associates, LLC

Freeman Environmental Service

Montgomery Watson or James Montgomery

CDM

Golder Associates

14

Test America

Budget, Manpower & Mgmnt.

DPRA

PACE Analytic Services Inc.

Texas A&M Research Foundation

Texas A&M University

Terra Drill Inc.

Environmental Management Alternatives, Inc.

Associated Professionals, Inc.

Freeman Environmental

Severn Trent Laboratories

Lakeland Corp.

Southern Illinois Regional Landfill

Ahrens Contracting

Roberts Environmental Drilling

Triangle Laboratories

AMEC Northwest Bioassay Laboratory

NVL Laboratory

**For Schlumberger Technology Corporation**

AECOM f/k/a Rust Environmental and Infrastructure, Inc.

Burns & McDonnell

CH2MHill

Envirocon, Inc.

Environ Corp.

Fluor Corporation f/k/a Fluor Daniels

IT Corporation

Rogers & Callcott

TRC Environmental Services f/k/a RMT, Inc.

**For General Dynamics Ordnance and Tactical Systems, Inc.**

NewFields

Conestoga-Rovers & Associates

Shannon & Wilson, Inc.

USA Environmental, Inc.

Cardno Entrix

16